IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3006-M-RJ

| | | |
|---|---|---|
| JONATHAN DAVID ENGLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' REPLY TO** |
| v. | ) | **PLAINTIFF'S BRIEF IN OPPOSITION** |
| | ) | **[D.E. 76]** |
| O. ONIYA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants Onyia, Windley, Osborne, McCourt, and Miller ("Defendants"), by and through undersigned counsel, and respectfully submit this Reply to Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment [D.E. 76] and in further support of Defendants Motion for Summary Judgment. [D.E.63].

In opposing summary judgment, nonmovants must do more than present a mere scintilla of evidence in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A nonmoving party who relies on mere speculation or conjecture, or "the mere allegations and denials contained in his pleadings," cannot avoid summary judgment. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (internal quotation marks and citation omitted). Plaintiff's claims are rooted in mere speculation as no Defendant retaliated against Plaintiff, were deliberately indifferent towards Plaintiff, subjected Plaintiff to unconstitutional conditions of confinement, or used excessive force on Plaintiff, and therefore did not and could not fail to protect Plaintiff. Respectfully, Defendants ask that their Motion for Summary Judgment [D.E. 63] be granted.

**Responding to Numbered Paragraphs in Plaintiff's Brief in Opposition [D.E. 76 at 4]**:

1. It is undisputed that Plaintiff's cell was searched on December 21, 2022, as part of a unit-wide PERT search.

2. It is denied that Onyia or Windley were aware of a PREA complaint, as an investigation had not yet begun. It is admitted that Plaintiff filed a PREA complaint against Onyia and Windley that was deemed unfounded.

3. It is undisputed that Onyia ordered Plaintiff to comply with the PERT search, however, it is denied that Onyia was aware of the PREA complaint filed against him. It is further admitted that Plaintiff refused to comply.

4. It is undisputed that Osborne applied restraints, otherwise denied.

5. It is undisputed that Onyia, Windley and Osborne entered Plaintiff's cell, otherwise denied.

6. Denied. Defendants have provided evidence in their Motion for Summary Judgment to refute these allegations. [see D.E. 63, 64].

7. It is denied that any defendant assaulted Plaintiff. It is further denied that Osborne stood in the doorway. Video footage shows that Osborne entered the cell simultaneously with Onyia and Windley. [see D.E. 66 at Ex. 1-E].

8. It is denied that any defendant assaulted Plaintiff.

9. While Sgt. Slaczka is not a named defendant in this action, he provided a declaration denying this allegation. *See* Slaczka Decl. [D.E. 66-23].

2

10.    While Sgt. Slaczka is not a named defendant in this action, it is admitted that Sgt. Slaczka escorted Plaintiff out of his cell. Video footage shows that Plaintiff was not limping[1]. It is admitted that defendants searched Plaintiff's cell in accordance with policy. Additional footage provided (to be filed manually per Plaintiff's request) shows Plaintiff walking easily, without a limp, and no apparent red marks, as follows:

    i. SQ-3100-22-1160:C79 MSB Unit 1-2A Lobby View West beginning at 07:34:45.

    ii. SQ-3100-22-1160; C78 MSB Unit 1-2A Lobby View East beginning at 07:34:39.

    iii. SQ-3100-22-1160; C77 MSB Unit 1-2B Lobby View West beginning at 07:30:25.

    iv. SQ-3100-22-1160; C76 MSB Unit 1-2B Lobby View East beginning at 07:30:25.

11.    This paragraph makes no allegations about defendants.

12.    It is admitted that Plaintiff was evaluated by Defendant Nurse Miller and that minor injuries were noted. Plaintiff's medical records verify this. It is admitted that Plaintiff remained in restraints, per policy.

13.    Denied.

---

[1] Video Footage was provided with Def's Motion for Summary Judgment at Exhibit 1-E depicting the cell search area. Plaintiff has requested that Defendants provide additional footage to the court. [D.E. 73]. Specifically, video file "SQ #3100-22-1160 shows additional footage of Plaintiff walking in the hallway. Defendants will file this manually, in addition to the remaining videos that Plaintiff has requested.

14. Denied. Disciplinary report verifies that McCourt was not in the same location of the facility at the time of this allegation.

15. Denied. Disciplinary report verifies that McCourt was not in the same location of the facility at the time of this allegation.

16. It is admitted that McCourt used OC pepper spray on Plaintiff after he used racial slurs toward another officer and refused to comply with orders; otherwise denied.

17. Denied. Disciplinary report verifies that McCourt was not in the same location of the facility at the time of this allegation

18. Plaintiff's medical records were provided with Defendants' Motion for Summary Judgment and speak for themselves. [D.E. 66 at Ex. 1-G].

## I. PLAINTIFF HAS FAILED TO CREATE A GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS VIOLATED HIS CONSTITUTIONAL RIGHTS

### A. DEFENDANTS ONYIA, WINDLEY, AND OSBORNE DID NOT RETALIATE AGAINST PLAINTIFF

*i. Plaintiff's First Amendment rights were not adversely affected by any alleged conduct.*

A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights. *Jones v. Ashby*, Case No. 7:23CV00407, 2024 U.S. Dist. LEXIS 81234, at *6 ((W.D. VA. May 2, 2024) (quoting Constantine *v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005). In relation to all Defendants for which a retaliation claim was made, Plaintiff, undeterred, has continuously exercised his First Amendment rights. *See* Table below.

4

| Action | Date Received | Description | Cite |
|---|---|---|---|
| Grievance No.:20034 | 12/1/2022 | Housing assignment change | Plaintiff's Ex. 1-N |
| Correspondence | 12/15/2022 | Handwritten correspondence regarding November 28, 2022, incident | Defs.' Ex. 1-I |
| Grievance No.:00025 | 1/7/2023 | November 28, 2022, incident (PREA) | Defs.' Ex. 1-K |
| Grievance No.:00217 | 2/7/2023 | December 21, 2022, incident (PREA) | Defs.' Ex. 1-L |
| Grievance No.:00177 | 2/6/2023 | November 28, 2022, incident (PREA) | Defs.' Ex. 1-M |
| Grievance No.:00178 | 2/6/2023 | December 21, 2022, incident (Dismissed-previously addressed) | Defs.' Ex. 1-N |
| Grievance No.:00375 | 3/20/2023 | (1) December 24, 2022, (2) February 13, 2023, (3) February 23, 2023, (4) February 27, 2023, incidents (McCourt) | Defs.' Ex. 1-O |

As evidenced in the above chart, Plaintiff was not deterred from engaging in protected conduct. Regarding Defendants Onyia, Windley, and Osborne, they had no contact (and Plaintiff alleges no contact with them) following the December 21, 2022, PERT search. [D.E. 14].

> ii.      *There is no causal relationship between Plaintiff's alleged protected conduct and alleged Defendants' conduct.*

"To prove causal connection, the plaintiff must show that 'the defendants were aware of the plaintiff's engaging in a protected activity and show some degree of temporal proximity to suggest a causal connection.'" *Holloman v. White*, Case No. 7:24-cv-00188, 2025 U.S. Dist. LEXIS 182470, at *23 (W.D. VA. Sep. 17, 2025). There is no causal connection if the alleged retaliatory actions were initiated before the protected activity. *See Newby v. Whitman*, 340 F. Supp. 2d 637, 660-661 (2004).

Plaintiff improperly submitted his PREA (grievance) claim. Instead of submitting a grievance, Plaintiff submitted a letter in an envelope, which went unnoticed by DAC personnel,

but was eventually submitted to the PREA Compliance Manager. *See* Defs' Ex 1-H at p. 5. As a result of Plaintiff's improper submission, the investigation of the November 28, 2022, claim did not take place until January 24, 2023. *Id*. Because the investigation did not start until January, no Defendant was aware of Plaintiff's PREA claim at the time of the December 21, 2022, PERT search. *See* Onyia, Windley, Osborne Decls. at ₱ 18. Alleged conduct cannot be connected to Plaintiff's improperly submitted correspondence.

Additionally, now Plaintiff seemingly is referencing another incident and grievance for his allegation of retaliation regarding Defendant Osborne. [D.E. 76 at p. 11]. Plaintiff's response reads, "Osborne was on a mission to punish and hurt the Plaintiff for the prison grievance, for the grievance plaintiff filed on Osborne on 12/1/2022." *Id*. First, in the grievance that Plaintiff now mentions, he misrepresents as filed in December *Id*. In actuality, Plaintiff dated this grievance October 11, 2022. *See* Plaintiff's Ex. 1-N. Second, this is not a grievance targeted at Officer Osborne, because it pertains to Plaintiff's housing assignment. *Id*. The extent of Officer Osborne's involvement was moving Plaintiff to his new cell and Plaintiff does not allege that Officer Osborne did anything to him. This is further evidenced by the Step One response from DAC, which reads, "There is no policy based on housing in segregation, just differences in the conditions of confinement." *Id*. Plaintiff agreed with this response and the grievance was dismissed after step one. *Id*. Nonetheless, that grievance had nothing to do with Officer Osborne. Therefore, there is no connection between Officer Osborne and the protected conduct that Plaintiff is now trying to allege.

Also to be noted, Plaintiff's PREA claim was ultimately deemed to be unfounded. [D.E. 63, Ex. 1-H at p. 6]. The extent of the claim was that Sergeant Onyia pinched Plaintiff's buttock

6

after being returned to his cell because there was information that Plaintiff was going to spit on a hearing officer. *Id*. Defendant Windley was present on November 28, 2022, and is alleged to have stated, "suck my dick." *Id*. at Ex. I and Ex. K. Defendant Osborne was not present. *Id*. Regarding the November 28, 2022, incident which Plaintiff maintains as the concentration of his PREA claim, Plaintiff refused to provide a verbal or written statement regarding the incident. *Id.* at Ex. 1-F.

This case aligns precisely with the law from *Cochran*, because Plaintiff, admittedly, disobeyed an order and was taken to restrictive housing. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams*, 40 F.3d at 74) (retaliation claims are treated with skepticism because every act of discipline is by definition retaliatory).

While Plaintiff clearly disputes that Onyia and Windley were "not supposed" to be around him due to a PREA complaint; evidence shows that Plaintiff himself caused a delay in submitting the referenced PREA complaint and neither Onyia nor Windley had been informed of a PREA against them at the time of the PERT search. Furthermore, once the PREA was investigated, it was quickly deemed unfounded. *Id.* at Ex. 1-H, 1-I, 1-J, and 1-K.

Defendants do not dispute that the disciplinary charge of (B25) disobey orders arising from the PERT search was dismissed due to a timeframe violation after too much time had passed.

### B. DEFENDANT MCCOURT DID NOT RETALIATE AGAINST PLAINTIFF

Sergeant McCourt maintain the argument set forth in Defendant's Motion for Summary Judgment and further submits this response to show that he did not retaliate against Plaintiff.

Plaintiff alleges that Sergeant McCourt took retaliatory action towards him on four occasions. [D.E. 64 at p. 4]. Three of these interactions involve alleged statements made by

Sergeant McCourt to Plaintiff. *Id.*  The 4th Circuit has held that a mere contention or belief of a retaliatory animus without any supporting evidence to show where action was taken in addition to a verbal statement (assuming said statement is true) is not sufficient. *Rosenbaum v. Mediko*, Civil Action No. 9:18-1666-CMC-BM, 2019 U.S. Dist. LEXIS 127820, at * 58 (4th Cir. 2019); citing *Malsh v. Austin*, 901 F.Supp. 757 (S.D.N.Y. 1995) ("Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action").  Outside of the alleged statements Plaintiff asserts took place on 24 December 2022, 13 February 2023, and 27 February 2023, which Sergeant McCourt maintains never happened, Plaintiff makes no showing of any action taken by Sergeant McCourt. Further, after video review of the allegations made by Plaintiff it was confirmed that on the above-mentioned dates, Sergeant McCourt did not enter the areas where the Plaintiff was housed. Defs.' Ex. at p. 5 & 6.  As a result, those claims are insufficient to support a retaliation claim under §1983.

Additionally, Sergeant McCourt, who was not a part of the PREA claim or investigation did not have knowledge of Plaintiff's PREA allegations. In reference to the February 23, 2023, incident, Plaintiff became angry with Officer Amerson, used profanity and began to kick his door. *See* Decl. Amerson at ⁋ 5. Plaintiff admits to calling Officer Amerson a "stupid black bitch" when there was no dessert on his lunch tray. [D.E. 76-1 at ⁋ 24]. Following this, Officer Amerson called Sergeant McCourt for assistance and Plaintiff did not cease his non-compliant behavior, which is why OC pepper spray was administered by Sergeant McCourt. *Id.* at ⁋ 6; *See* Decl. McCourt at ⁋ 6. No action taken by Sergeant McCourt was taken in retaliation against Plaintiff.

Regarding all Defendants for which there exists a claim of retaliation, Plaintiff has failed to produce a genuine issue of material fact that would warrant continued survival of his claim, and Defendants respectfully ask this Court to dismiss Plaintiff's retaliation claims.

## C. EXCESSIVE FORCE WAS NOT USED AGAINST THE PLAINTIFF

Defendants Onyia, Windley, and Osborne used necessary and minimal force to maintain and restore discipline after a lawful order was not followed. Further, any alleged deprivation or injury suffered was not sufficiently serious.

### i. In Consideration of the Whitley Factors, Plaintiff Cannot Prove that Defendants acted with a Sufficiently Culpable State of Mind

Regarding the subjective component, the Supreme Court identified the following factors that the Court is required to consider: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the threat…reasonably perceived by the responsible official"; and (4) "any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321. NCDAC policy authorizes reasonable force to ensure compliance with a lawful order. [D.E. 63 at Ex. 1-S]. Further, during PERT searches, if an inmate fails to follow an order or procedures, he is restrained and taken to restrictive housing for the sake of preventing incidents within the pod. *See* Osborne, Windley, Onyia, and Slaczka Decl. at ℙ 8. Here, during a PERT search, Plaintiff admits that he did not follow orders. [D.E. 76 at p. 4 ℙ 3]. Plaintiff's non-compliance with a lawful order to submit to the search, lead to officers attempting to securely restrain him, but struggling to do so as Plaintiff was "jerking around". *See* Osborne, Windley, and Onyia 12 and 13 Decl. at ℙ 12. Plaintiff was placed against a flat surface and at no point did officers assault Plaintiff in any form or fashion.

9

*See* Osborne, Windley Decl. at ₧ 13, 15; and Onyia Decl. at ₧ 12, 13, 15, 16.

In Plaintiff's response, he references Sergeant Slaczka, who is not named as a Defendant to this action, saying that he entered the cell and told the other officers to "stop" and "quit". [D.E. 76 at ₧ 9]. Plaintiff further alleges that Sergeant Slaczka pulled "them off me". *Id*. Surveillance video shows that Sergeant Slaczka approached the cell approximately five seconds after the other officers entered the cell at 7:29:24 a.m. *See* Defs' Ex. 1-E. Sergeant Slaczka declared that he overheard the Plaintiff being very loud and disruptive and once he got to Plaintiff's cell, he observed Sergeants Onyia and Windley placing the offender on the wall as Sergeant Osborne secured the restraints. *See* Slaczka Decl. at ₧ 9 & 10. Further, he did not see any Defendant assault Plaintiff or make any comments about a PREA claim. *Id.* at 11,12.

During a PERT search where multiple offenders were out of their cells and Plaintiff was non-compliant, loud, and disruptive, pursuant to their training, officers securely restrained Plaintiff with minimal force and removed him from the pod to be taken to restrictive housing. Defendants request that Plaintiff's excessive force claim be dismissed.

### D.   DEFENDANTS DID NOT FAIL TO PROTECT PLAINTIFF

Defendants maintain their argument from Defendants' Motion for Summary Judgment and incorporate this response therewithin. Additionally, while only serving as persuasive authority, Defendants provide that other courts have held that a Plaintiff cannot allege the same Defendants who used excessive force against them also failed to protect them. *Smith v. Wester*, Case No.5:18-cv-192-TKW-HTC, 2020 U.S. Dist. LEXIS 61059 at *27 (11th Cir. 2020). Defendants maintain that there was no excessive force used and therefore there was no constitutional obligation to intervene.

10

### E. DEFENDANTS WERE NOT DELIBERATELY INDIFFERENT TO PLAINTIFF

Regarding Defendants Onyia, Windley, and Osborne, Plaintiff has not presented a response to their argument regarding a deliberate indifference claim. *Blankenship v. Necco, LLC*, No. 2:16-cv-12082, 2018 U.S. Dist. LEXIS 124142, 2018 WL 3581092, at *9 (S.D. W. Va. July 25, 2018) ("The failure to respond to arguments raised in a motion for summary judgment can indicate that the non-moving party concedes the point or abandons the claim."). Therefore, Defendants Onyia, Windley, and Osborne incorporate their argument presented in Defendants' Motion for Summary Judgment [D.E. 63] and further ask this Court to consider Plaintiff's deliberate indifference claim abandoned and it be dismissed from this action.

Regarding Nurse Miller, Plaintiff concedes that he was treated. However, Plaintiff attacks the treatment that was provided because he claims he was not provided with any pain medication or ice packs. [D.E. 76 at p. 30]. Nurse Miller did not undersell information provided to her by Plaintiff. Instead, Nurse Miller met with Plaintiff in the restrictive housing unit for a use of force evaluation. [D.E. 63, Ex. 1-G at p. 16]. During the evaluation, Plaintiff had three separate complaints. *Id*.

| Alleged Injury | Nurse Miller's Comment | Plaintiff's pain scale |
|---|---|---|
| Left knee | "Incident occurred at 0730. Offender has one mild abrasion on left knee - 1/2" x 1/4". No bleeding, no redness, no bruising." | 4 |
| Other (buttock) | "Offender has a very minor, thin 3" scratch on the outer aspect of his upper right buttock. No bleeding, no swelling, no bruising. Skin is intact." | 4 |
| Wrists (both) | "Skin on both wrists was intact, no bruising, slight redness where cuffs made contact with skin. When cuffs were removed, the top of right wrist had minimal, visible swelling. The area was whitish in color." | 6 |

*Id*.

11

In addition to taking notes as to the injuries that Plaintiff alleged, Nurse Miller noted the following treatment:

Offender Name: ENGLAND, JONATHAN D | | | Off #: 0702210
Date of Birth: ███████ | Sex: M Race: WHITE | Facility: CENT
Encounter Date: 12/21/2022 09:50 | Provider: Miller, Robin C RN | Unit: BBKU2

**New OTC:**

| Medication | OTC Source | Start Date | Stop Date |
|---|---|---|---|
| ACETAMINOPHEN 325 MG TAB | Stock | 12/21/2022 | 12/26/2022 23:59 |

Order Detail: 2 tabs po TID prn X 5 days.

**Disposition:**

Follow-up at Sick Call as Needed

**Other:**

2 cold packs given

*Id.*

Based on Plaintiff's presentation, Defendants contend that Plaintiff was not suffering from a serious medical need. Nonetheless, as evidenced above, Nurse Miller noted that an over-the-counter medication for Plaintiff and "2 cold packs were given." These measures were taken after a use of force incident where Plaintiff had visibly minimal injuries. As *Farmer* provides "serious medical need" is one that has been diagnosed by a doctor or is so obvious that even a lay person would easily recognize it. *Farmer v. Brennan*, 511 U.S. at 837. That is not present in the current matter. Further, the 4th Circuit has previously held that a prisoner's disagreement with medical personnel over the course of their treatment does not create a cause of action for deliberate indifference to a serious medical need. *Totten v. Johnson*, 1:08cv1299(CMH/TRJ), 2009 U.S. Dist. LEXIS 129958, at *6 (4th Cir. Jan. 16, 2009). Incorporating Nurse Miller's argument from Defendant's Motion for Summary Judgment [D.E. 63], Nurse Miller asks the claim against her to be dismissed.

**F.  PLAINTIFF'S CONDITION OF CONFINEMENT CLAIM SHOULD BE DISMISSED**

While incorporating and maintaining Defendants' argument from Defendants' Motion for Summary Judgment [D.E. 63, 64] the Defendants' ask that Plaintiff's condition of confinement claim be dismissed. Plaintiff has failed to provide a response to Defendants' argument on his conditions of confinement claim, and Defendants ask that said claim be treated as abandoned by Plaintiff.  *Blankenship*, 2018 U.S. Dist. LEXIS 124142, 2018 WL 3581092, at *9 (2018).

## <u>CONCLUSION</u>

Wherefore, Defendants respectfully ask that summary judgment is granted and that this action be dismissed with prejudice.

Respectfully submitted, this 20th day of April 2026.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/ Clarence Turpin, V
Clarence Turpin, V
Assistant Attorney General
N.C. State Bar No. 53926
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC  27602-0629
Telephone: (919) 716-6431
Facsimile: (919) 716-6761
E-mail:  cturpin@ncdoj.gov

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this day, I electronically filed the foregoing document with the Clerk of the Court utilizing the CM/ECF system, and I further hereby certify that I mailed this document to the following non-CM/ECF participant, first-class United States Mail, postage prepaid, addressed as follows:

Jonathan England
OPUS 0702210
Alexander Correctional Institution
633 Old Landfill Rd.
Taylorsville, NC 28681
PRO SE

This the 20th day of April 2026.

/s/ Clarence Turpin, V
Clarence Turpin, V
Assistant Attorney General

14