IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3006-M-RJ

JONATHAN DAVID ENGLAND, )
)
Plaintiff, )
)
v. ) ORDER
)
O. ONIYA, et al., )
)
Defendants. )

This matter is before the court on plaintiff's motions to proceed to trial [D.E. 55], appoint counsel [D.E. 56], compel [D.E. 73, 85, 89], and correct defendants' names [D.E. 77]. Also before the court are defendants' motions to seal [D.E. 68] and manually file video exhibit [D.E. 69, 83].

Where defendants filed a motion for summary judgment, plaintiff's motion to proceed to trial is premature at this time. Accordingly, the motion is denied. Regarding plaintiff's motion to correct defendants' names, plaintiff provides defendants' full, correct names are as follows: Shon E. McCourt, Darnell L. Windley, Joel L. Osborne, Robin C. Miller, and Okechukwu Michael Onyia. Defendants did not respond in opposition. Thus, the motion is granted, and the court will order the clerk to amend the docket to reflect the full, correct names of defendants.

The court now considers plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it."

Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Thus, "[t]he district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024). Importantly, legal "inexperience and incarceration alone do not warrant appointment of counsel." Id. at 249.

Here, plaintiff has demonstrated through his filings that he is capable of proceeding pro se, and his claims are not so complex to warrant appointing counsel at this stage of the proceedings.

Next, the court addresses plaintiff's motions to compel. Plaintiff seeks to have defendants and the North Carolina Secretary of Corrections submit video evidence and the master tape ledger to the court. (Mot. Compel [D.E. 77]; Mot. Compel [D.E. 85]; Mot. Compel [D.E. 89]). Rule 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). The court holds broad discretion in reviewing a motion to compel. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995). A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without a court order." Fed. R. Civ. P.

2

37(a)(1); see Local Civil Rule 7.1(c)(2). Pro se incarcerated parties are not exempt from the requirement to confer prior to filing the motion. See Fed. R. Civ. P. 37(a)(1).

Here, plaintiff has not certified he conferred or attempted to confer with defendants prior to filing the instant motions to compel. [See D.E. 73, 85, 89]. Further, defendants indicate they have provided the videos identified by plaintiff to the court. Accordingly, the motions are denied.

Regarding defendants' motion to seal, they seek to seal docket entry 66-7 because it contains plaintiff's confidential medical records. [See D.E. 68]. Plaintiff does not object to sealing these records. The public has received adequate notice of the motion to seal. No less drastic alternative to sealing these documents is available because private information appears throughout the filing. Plaintiff's interest in preserving the confidentiality of his private medical records outweighs any public interest in disclosure. Thus, the court grants the motion to seal.

Lastly, the court grants defendants' motion to manually file video exhibits.

## CONCLUSION

Based on the foregoing, plaintiff's motions to proceed to trial [D.E. 55], appoint counsel [D.E. 56], and compel [D.E. 73, 85, 89] are DENIED. Plaintiff's motion to correct defendants' names [D.E. 77] is GRANTED. The clerk is DIRECTED to amend the docket to reflect defendants' full, correct names as follows: Shon E. McCourt, Darnell L. Windley, Joel L. Osborne, Robin C. Miller, and Okechukwu Michael Onyia. Defendants' motions to seal [D.E. 68] and manually file video exhibit [D.E. 69, 83] are GRANTED. To the extent defendants have not yet

3

done so, defendants are DIRECTED to manually file video exhibits no later than **seven days** after entry of this order.

SO ORDERED, this the 2d day of July , 2026.

RICHARD E. MYERS, II
Chief United States District Judge

Case 5:24-ct-03006-M-RJ    Document 91    Filed 07/07/26    Page 4 of 4